IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:11-CR-8

| UNITED STATES | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL LLOYD BRUNSON | ) | O R D E R |
| | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion for Credit for Time Served. The Motion is DISMISSED as Defendant has already been credited the proper amount of days.

## FACTS

After serving a 30-month sentence with the Federal Bureau of Prisons for various firearm charges, Defendant was placed upon supervised release for 36 months. On April 18, 2011, Defendant was sentenced to 21 days custody for a state conviction unrelated to the firearm convictions. On May 10, Defendant was brought into federal custody pending a supervised release revocation hearing. On June 14, this Court revoked Defendant's supervised release for absconding from supervision, committing criminal conduct, using a controlled substance, failing to participate in substance abuse treatment, and failing to submit truthful and complete reports. (DE # 18). This Court sentenced Defendant to 90 days incarceration, gave him credit for time served, and terminated his supervision. Id; (DE # 17).

Defendant has received 35 days credit for the time he spent in federal custody awaiting his revocation hearing. He wishes however, to also receive credit for the 21 days he spent in state custody.

## DISCUSSION

Under 18 USC § 3585(b)(1), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed." The "offense for which the sentence was imposed" refers to the underlying federal conviction leading to the supervised release, not the conduct violating the supervised release. See, e.g., United States v. Whaley, 148 F.3d 205, 207 (2d Cir.1998) (per curiam) (holding that the district court erred in "interpreting § 3585(b)(1) as applying to the offense of violating supervised release rather than as applying to the underlying offense"); Also see, United States v. Parriett, 974 F.2d 523, 525-27 (4th Cir.1992) (punishment for violating the terms of supervised release is punishment for the original offense).

Here the underlying offense was Defendant's firearm convictions. As Defendant's state custody was for a conviction unrelated to the firearm offenses, Defendant's Motion is dismissed for failure to state a claim.

SO ORDERED, this 5 day of August, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE